UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICARDO CORPORAN,

                Plaintiff,

v.

ALSTON & BIRD LLP,

                Defendant.

Case No. 1:22-cv-00831-VMC

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION

Defendant Alston & Bird LLP ("Alston & Bird") seeks an order compelling Plaintiff Ricardo Corporán ("Plaintiff") to submit his claims to binding arbitration in accordance with the procedures set forth in his Confidentiality and Arbitration Agreement and to dismiss or stay this proceeding pending arbitration.

## I.    INTRODUCTION

Plaintiff is a former Alston & Bird employee who executed a Confidentiality and Arbitration Agreement[1] when he commenced his employment at Alston &

---

[1]   In an apparent effort to draw attention away from the Confidentiality and Arbitration Agreement's express reference to "arbitration" in its title, Plaintiff refers to the document as the "Staff Confidentiality Agreement" throughout the Complaint. (*See* Compl. at ¶¶ 106-125.)

Bird.  The two-page Confidentiality and Arbitration Agreement between Plaintiff and Alston & Bird contains an arbitration provision expressly stating that "[a]ny controversy or claim . . . arising out of or relating to [Plaintiff's] employment by Alston & Bird shall be settled by arbitration pursuant to the Federal Arbitration Act . . . ."  Notwithstanding the clear terms of the Confidentiality and Arbitration Agreement, on February 25, 2022, Plaintiff filed this action in which he asserts claims for unpaid overtime wages and retaliation under the Fair Labor Standards Act ("FLSA").  Plaintiff's FLSA claims fall squarely within the scope of the arbitration provision set forth in the Confidentiality and Arbitration Agreement and should be resolved through arbitration between the parties.  Accordingly, for the reasons discussed below, Alston & Bird submits that Plaintiff's claims should be compelled to arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§1 *et seq.*  Furthermore, because all the claims in Plaintiff's Complaint are subject to arbitration, Alston & Bird further requests that the Court dismiss this action, which the Court may do at its discretion or, in the alternative, stay the proceedings, which the Court is *required* to do under the FAA.

ADMIN/22672372v4

## II.   FACTUAL BACKGROUND

Alston & Bird is a law firm with offices in Atlanta, Georgia and 12 other cities in the United States and around the world.  (Declaration of Cathy Benton ("Benton Decl.") at ¶ 2.)[2]  From its offices across the country and around the world, Alston & Bird engages in interstate commerce through the provision of legal services and other business functions supporting the law firm's administration and management.  (*Id.*; *see* Complaint ¶ 127.)

Plaintiff is a former Alston & Bird employee who entered into a Confidentiality and Arbitration Agreement with the Alston & Bird on June 15, 2013.   (Confidentiality and Arbitration Agreement) The Confidentiality and Arbitration Agreement contains an arbitration provision that requires Plaintiff and Alston & Bird to submit all employment-related disputes between them to mandatory and binding arbitration pursuant to the FAA.  (Confidentiality and Arbitration Agreement at ¶ 5.)  Specifically, Paragraph 5 of the Confidentiality and Arbitration Agreement provides as follows:

---

[2] A true and correct copy of the Benton Declaration is attached hereto as Exhibit A, and a true and correct copy of Plaintiff's Confidentiality and Arbitration Agreement is attached to the Benton Declaration as Exhibit 1.  For ease of reference, specific provisions of Plaintiff's Confidentiality and Arbitration Agreement are referred to herein as "Confidentiality and Arbitration Agreement ¶ ___."

ADMIN/22672372v4

> Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, or arising out of or relating to Employee's employment by Alston & Bird, shall be settled by arbitration pursuant to the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association. One arbitrator shall be selected under those Rules. Arbitration shall be initiated in Atlanta, Georgia. All costs of the arbitration shall be allocated by the arbitrator. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties agree that the existence, conduct, and content of any such arbitration proceeding shall be treated as Confidential Information.

(*Id.*)  Importantly, the Confidentiality and Arbitration Agreement further provides that "the parties are hereby authorized to bring" "actions to compel arbitration or for equitable relief in aid of arbitration."  (*Id.* at ¶ 6.)

Notwithstanding the clear terms of Plaintiff's agreement to arbitrate, he filed this employment-related action against Alston & Bird in federal court, asserting claims for an alleged failure to pay him overtime wages and retaliation in violation of the FLSA.[3]

---

[3]  Plaintiff's Complaint includes a single reference to O.C.G.A. § 51-6-1, *et seq.* in the first paragraph, but is otherwise devoid of any factual allegations supporting a claim under that statute and no alleged violation of O.C.G.A. § 51-6-1 is set forth in a separate count of the Complaint.  Nevertheless, even if Plaintiff is asserting such a claim, it falls within the ambit of the arbitration provision for the same reasons his FLSA claim is subject to arbitration.

4

III.    ARGUMENT AND CITATION TO AUTHORITY

A.    Legal Standard for Enforcing Arbitration Provisions.

The Federal Arbitration Act ("FAA") requires the enforcement of arbitration agreements by expressly providing that agreements to arbitrate "shall be valid, irrevocable, and enforceable."  9 U.S.C. § 2.  The FAA's purpose is "to relieve congestion in the courts and to provide parties with an alternative method for dispute resolution that is speedier and less costly than litigation."  *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005) (internal quotations omitted).  "The FAA thereby places arbitration agreements on equal footing with other contracts, and requires courts to enforce them according to their terms."  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010).  The Eleventh Circuit has interpreted the FAA to create "a strong federal policy in favor of arbitration" and, therefore, courts must "rigorously enforce arbitration agreements."  *Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1253 (11th Cir. 2009).  Accordingly, "'[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration'" and "'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'"  *Hinson v. Lyft, Inc.*, 522 F. Supp. 3d 1254 1258 (N.D. Ga. 2021) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Importantly,

5

"[t]here is a 'federal policy favoring arbitration of labor disputes'" and "courts have consistently found that claims arising under federal statutes may be the subject of arbitration agreements and are enforceable under the FAA." *Martinez v. Carnival Corp.*, 744 F.3d 1240, 1246 (11th Cir. 2014); *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1313 (11th Cir. 2002); *see Caley*, 428 F.3d at 1367 ("compulsory arbitration agreements are now commonplace in the workplace, and it is not an unlawful employment practice for an employer to require an employee to arbitrate, rather than litigate, rights under various federal statutes . . . .").

     B.    <u>The Court Should Compel Plaintiff to Arbitrate His Claims and Dismiss or Stay the Instant Litigation</u>.

In determining whether a binding agreement to arbitrate exists between the parties, courts apply the contract law of the state governing the contract formation. *Caley*, 428 F.3d at 1367. To this end, the Eleventh Circuit engages in a two-part inquiry: "[T]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff(s) entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008); *see also Wallace v. Rick Case Auto, Inc.* 979 F. Supp. 2d 1343, 1347 (N.D. Ga. 2013), *adopted, approved, and dismissed by Wallace v. Rick Case Auto, Inc.*, 979 F. Supp.

6

2d 1343 (N.D. Ga. 2013) ("the Court must assess whether: '(1) there is a valid written agreement to arbitrate; (2) the issue [sought to be arbitrated] is arbitrable under the agreement; and (3) the party asserting the claims has failed or refused to arbitrate the claims.'").  If the Court determines that the parties have entered into a valid contract containing an arbitration agreement, the Court *shall* compel arbitration pursuant to Section 4 of the FAA.  9 U.S.C. § 4.  Additionally, where the asserted claims are subject to arbitration, the Court may dismiss the complaint rather than staying the action until the arbitration is concluded.  *See Caley*, at 428 F.3d at 1379.  In all cases where arbitration is compelled, however, the Court must at least stay the proceedings pending the outcome of the arbitration proceedings.  9 U.S.C. § 3.  For the reasons set forth below, Alston & Bird respectfully submits that its Motion should be granted and the Court should dismiss these proceedings or, alternatively, stay them while the parties arbitrate Plaintiff's claims.

> 1.    <u>Plaintiff's Confidentiality and Arbitration Agreement is a Valid and Enforceable Contract that Calls for Arbitration.</u>

The Confidentiality and Arbitration Agreement is a plainly valid and enforceable contract that requires arbitration of Plaintiff's claims in this case. "Under Georgia law, a contract is valid if there is a subject matter of the contract, consideration, and mutual assent." *Buchanan v. PruittHealth, Inc.,* No. 1:19-CV-

1695-SCJ-CCB, 2019 U.S. Dist. LEXIS 183834, at * 2 (N.D. Ga. July 19, 2019) (citing O.C.G.A. § 13-3-1)); *Lambert*, 544 F.3d 1192 ("Under Georgia law, a contract is enforceable if there is (a) a definite offer and (b) complete acceptance (c) for consideration.").

Here, Alston & Bird presented Plaintiff with the written Confidentiality and Arbitration Agreement, which contains an arbitration provision.  (Benton Decl. at ¶¶ 4-5).  Plaintiff executed the Confidentiality and Arbitration Agreement and commenced and continued his employment with Alston & Bird, demonstrating his assent to the contract's terms. (*Id.*); *see Moreno v. Strickland*, 255 Ga. App. 850, 853 (2002) ("An offer may be accepted . . . either by a promise to do the thing contemplated therein or by the actual doing of the thing."); *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 482 (Ga. Ct. App. 1994) (stating that "[t]here are few rules of law more fundamental than that which requires a party to read what he signs and to be bound thereby.").  Importantly, an employee may demonstrate assent to an arbitration agreement by continuing his or her employment, just as Plaintiff did here.  *See e.g.*, *Caley*, 428 F.3d at 1374-75 (stating that continued employment is sufficient to manifest assent to an arbitration agreement).  Therefore, it is clear that Alston & Bird offered and

8

Plaintiff accepted the terms and conditions of employment, including the arbitration provision set forth in the Confidentiality and Arbitration Agreement.[4]

The Confidentiality and Arbitration Agreement is also supported by adequate consideration. The consideration requirement is satisfied by the party accepting the contract "tender[ing] bargain-for performance or mak[ing] a mutual promise." *Lambert*, 544 F.3d at 1195 (citing O.C.G.A. § 13-3-42).  In *Rushing v. Gold Kist, Inc.*, the Georgia Court of Appeals held that mutual promises to arbitrate are sufficient forms of consideration.  256 Ga. App. 115, 119 (2002) (in discussing the validity of an arbitration agreement, concluding that "a promise is good consideration for another promise if there is an absolute mutuality of engagement, so that each party has the right at once to hold the other to a positive agreement"); *see also Thi of Ga. at Shamrock, LLC v. Fields*, No. CV 313-032, 2013 U.S. Dist. LEXIS 168598, at *11 (S.D. Ga. Nov. 18, 2013) (rejecting

---

[4]   Plaintiff contends in the Complaint that he does not specifically remember signing the Confidentiality and Arbitration Agreement.  However, a plaintiff's purported failure to recall seeing or signing an arbitration agreement is not sufficient to defeat a motion to compel arbitration.  *Reddick v. Hewlett-Packard Co.*, No. 1:20-cv-04597-LMM-RDC, 2021 U.S. Dist. LEXIS 212897, at *17-*19 (N.D. Ga. May 20, 2021); *see Melver v. Check 'N Go of Fla., Inc.*, No. 13-20528-CIV-Williams, 2013 WL 12148376, at *2 (S.D. Fla. July 22, 2013) (employee's declaration that he did not recall signing an arbitration agreement "by itself, fails to invalidate the agreement"); *Garcia v. Harmony Healthcare, LLC*, No. 8:20-cv-1065-WFJ-AAS, 2021 U.S. Dist. LEXIS 78975, at * 10 (M.D. Fla. Apr. 26, 2021) ("[G]eneral denials based on a lack of memory will not rebut a signed written [arbitration] agreement.").

plaintiff's contention that the arbitration agreement was not supported by consideration because mutual promises to arbitrate are sufficient forms of consideration); *Caley*, 428 F.3d at 1376 ("Georgia law provides that mutual promises and obligations are sufficient consideration to support a contract."); *Atlanta Six Flags P'ship v. Hughes*, 191 Ga. App. 404, 407 (Ga. App. 1989) ("The mutual promises and obligations of the parties constituted sufficient consideration for the contract."). Thus, because Plaintiff and Alston & Bird both promised to arbitrate "[a]ny controversy or claim arising out of or relating to [Plaintiff's] employment by Alston & Bird," the arbitration provision is supported by consideration establishing that the parties intended to be bound by the terms of the Confidentiality and Arbitration Agreement. (Confidentiality and Arbitration Agreement ¶ 5.) Accordingly, the Confidentiality and Arbitration Agreement that Plaintiff executed with Alston & Bird contains a valid, enforceable agreement to arbitrate.

2. <u>The Arbitration Provision in Plaintiff's Confidentiality and Arbitration Agreement Encompasses the Claims Asserted in the Complaint</u>.

In addition to being valid and enforceable, the arbitration provision in Plaintiff's Confidentiality and Arbitration Agreement clearly encompasses the FLSA claims asserted in the Complaint. The arbitration provision expressly states

10

that "[a]ny controversy or claim . . . arising out of or relating to [Plaintiff's] employment by Alston & Bird, shall be settled by arbitration pursuant to the Federal Arbitration Act . . . ."  (Confidentiality and Arbitration Agreement ¶ 5.) Plaintiff's claims against Alston & Bird, which are all premised on a series of allegations relating to Plaintiff's receipt of overtime compensation during his employment, fall squarely within the ambit of the arbitration provision. Nevertheless, Plaintiff suggests that the Confidentiality and Arbitration Agreement does not indicate that the parties intended to subject FLSA claims to arbitration. Plaintiff's position in this regard is inconsistent with the plain language of the Agreement and how Eleventh Circuit courts have interpreted agreements containing similar language as the Confidentiality and Arbitration Agreement.

In *Lambert*, the Eleventh Circuit explained that an arbitration agreement's use of general, instead of specific, language to describe the claims subject to arbitration does not limit the scope of arbitrable claims to "a narrowly defined subset."  544 F.3d at 1198.  More specifically, the Court underscored that "'[a] party cannot avoid arbitration . . . because the arbitration clause uses general, inclusive language, rather than listing every possible specific claim . . . An arbitration agreement is not vague solely because it includes the universe of the parties' potential claims against each other.'"  *Id.* (quoting *Brown v. ITT Consumer*

11

*Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000)).  The Court also reiterated that "[t]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement." *Id.* at 1199 (internal quotations omitted).  Notably, courts within the Eleventh Circuit routinely compel arbitration of FLSA and other federal claims where the arbitration provision did not specify each and every single potential claim that is subject to arbitration.  *See e.g.*, *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1328 (2014) (affirming district court's order compelling arbitration in putative FLSA class action where the arbitration agreement at issue provided that "all claims, disputes, controversies, or disagreements of any kind whatsoever arising out of or relating to . . . Employee's employment with Employer . . . shall be submitted to binding arbitration."); *Gonzalez v. AA Varco Moving & Storage, Inc.*, No. 18-62988-CIV-MORENO-SELTZER, 2019 U.S. Dist. LEXIS 44953, at *2-*6 (S.D. Fla. Mar. 18, 2019) (finding that the plaintiff's FLSA claim for unpaid overtime wages was subject to the arbitration clause in her employment agreement, where the parties agreed that "[a]ny claim or controversy that arises out of or relates to this agreement, or the breach thereof, will be settled by arbitration . . . ."); *Hamlett v. Owners Advantage, LLC*, 2013 U.S. Dist. LEXIS 124543, at *2 (S.D. Fla. Aug. 30, 2014) (where an agreement stated that "[a]ny

dispute or claim arising out of this agreement" was subject to arbitration, the Court held that the plaintiff's claims were subject to arbitration."); *Smith v. Physicians United Plan, Inc.*, 2014 U.S. Dist. LEXIS 200574 (S.D. Fla. Dec. 19, 2014) (holding that the plaintiff's FLSA claims were subject to arbitration where the parties agreed to arbitrate "all controversies or claims arising out of or relating to" the parties' employment agreement); *Strozier v. E\*Trade Fin. Corp.*, No. 1:12-CV-00330-AT, 2013 U.S. Dist. LEXIS 56226, \*4 (N.D. Ga. Feb. 27, 2013) (compelling arbitration in putative FLSA collective action where the arbitration clause at issue provided for arbitration "[i]n the event of any dispute or claim arising out of or relating to your employment relationship with the Company, this agreement, or the termination of your employment with the Company for any reason . . . .").

Here, the plain language of the arbitration provision contained in the Confidentiality and Arbitration Agreement shows that the parties intended for FLSA claims to be adjudicated in arbitration.  (Confidentiality and Arbitration Agreement at ¶ 5.)  Although the arbitration provision does not expressly reference wage and hour claims or the FLSA, its broad, inclusive reference to "[a]ny case or controversy . . . arising out of or relating to [Plaintiff's] employment by Alston & Bird" undoubtedly includes such claims, and applicable legal precedent supports

13

such a conclusion.  Given the clear, unambiguous language in the Confidentiality and Arbitration Agreement and the strong presumption favoring arbitration, it is irrefutable that Plaintiff's claims—all of which relate to his employment at Alston & Bird—fall directly within the scope of the arbitration provision. Accordingly, Plaintiff's Confidentiality and Arbitration Agreement is a valid and enforceable contract that requires arbitration of each of the claims asserted in Plaintiff's Complaint.

3.      Plaintiff's Allegations Regarding Unconscionability are Unavailing.

In the Complaint, Plaintiff alleges, in conclusory fashion, that the arbitration provision in his Confidentiality and Arbitration Agreement is procedurally and substantively unconscionable.  Under Georgia law, "the basic test for determining unconscionability is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1265 (11th Cir. 2017) (internal citations omitted).   Courts have also defined unconscionable agreements to include those that "no sane man not acting under a delusion would make, and that no honest man would take advantage of" and are "abhorrent to good morals and conscience" and exist where "one of the parties

14

takes a fraudulent advantage of the other." *Id.* (internal citations omitted). In Georgia, "'[p]rocedural unconscionability addresses the process of making the contract, while substantive unconscionability looks to the contractual terms themselves.'" *Id.* (quoting *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 875 (11th Cir. 2005)). The arbitration provision in the Confidentiality and Arbitration Agreement that Plaintiff executed with Alston & Bird is unquestionably valid, and his allegations regarding procedural and substantive unconscionability are meritless for the reasons set forth below.

a. <u>Procedural Unconscionability</u>.

Plaintiff's allegation that the Confidentiality & Arbitration Agreement is procedurally unconscionable fails as a matter of law. The Eleventh Circuit has held that "if the party's claims of adhesion, unconscionability, and lack of mutuality of obligation pertain to the contract as a whole, and not to the arbitration provision alone, then these issues should be resolved in arbitration." *Jenkins*, 400 F.3d at 877 (internal quotations omitted). Here, it is evident from the Complaint that Plaintiff takes issue with the formation and existence of the Confidentiality and Arbitration Agreement as a whole, rather than the arbitration provision in particular. (*See* Compl. ¶¶ 106 – 125.) These allegations relating to the claimed unconscionability of the entire Agreement are for an arbitrator to decide, not a

federal court.[5]  *See id.* at 877 (explaining that "the FAA does not permit a federal court to consider claims alleging the contract as a whole was adhesive" where plaintiffs argued that Consumer Loan Agreements, in general (and not just the arbitration agreements), were adhesive); *Zuluaf v. Amerisave Mortg. Corp.*, No. 1:11-cv-1784-WSD, 2011 U.S. Dist. LEXIS 156699, at *41-*42 (N.D. Ga. Nov. 23, 2011) (where plaintiffs did not argue any "procedural improprieties that apply to the arbitration provisions specifically[,] [a]rguments regarding general unconscionability [of the Employment Agreement and Acknowledgment] are required to be addressed to the arbitrator.").  Furthermore, as explained in detail below, an arbitrator, rather than the Court, should consider Plaintiff's arguments regarding procedural unconscionability because the parties agreed in the

---

[5]  Even if Plaintiff's allegations relating to procedural unconscionability were limited to the arbitration provision contained in the Confidentiality and Arbitration Agreement, Plaintiff would still be unable to avoid its enforcement.  The arbitration provision at issue is contained in a short, two-page document that references "Arbitration" in its title.  The text of the arbitration provision is written in straightforward and comprehensible terms and is set forth in its own paragraph in a standard typeface and size.  Importantly, Plaintiff signed his initials directly beneath the paragraph containing the arbitration provision.  Against that backdrop, he cannot establish that the arbitration provision was procedurally unconscionable. *See Caley*, 428 F.3d at 1377 (rejecting argument that an arbitration provision was procedurally unconscionable due to unequal bargaining power and noting "Georgia courts have enforced standard-form arbitration agreements in employment relationships"); *Saturna v. Bickley Constr. Co.*, 252 Ga. App. 140, 142 (Ga. Ct. App. 2001) ("Further, lack of sophistication or economic disadvantage of one attacking arbitration will not amount to unconscionability.").

16

Confidentiality and Arbitration Agreement that disputes relating to the Agreement must be resolved in arbitration.  (Confidentiality and Arbitration Agreement, at ¶ 5.)

b.      Substantive Unconscionability.

Plaintiff's allegation that the arbitration provision is substantively unconscionable is also meritless.  As a threshold matter, the issue of whether the arbitration provision is substantively unconscionable should be determined by the arbitrator.  *See Moore-Woodland v. Blue Diamond Dolls*, No. 8:16-cv-00421-T-24UAM, 2016 U.S. Dist. LEXIS 201604, at *8 (M.D. Fla. May 9, 2016) ("When the parties clearly and unmistakably defer the issue of arbitrability to the arbitrator . . . the court should compel arbitration without assessing the arbitration agreement's validity or scope.").   Here, the Confidentiality and Arbitration Agreement expressly states that "[a]ny controversy or claim arising out of or *relating to* this Agreement . . . shall be settled by arbitration pursuant to the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association."  (Confidentiality and Arbitration Agreement, ¶ 5.) (emphasis added). Therefore, Plaintiff and Alston & Bird plainly agreed that controversies or disputes relating to the Confidentiality and Arbitration Agreement itself must be considered and resolved in arbitration.

17

Furthermore, by incorporating the AAA Commercial Rules into the Confidentiality and Arbitration Agreement, the parties agreed that challenges to the validity of the agreement are delegated to the arbitrator. The relevant AAA rules provide that:

> The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules.

Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association (the "AAA Commercial Rules"), at p. 10, R-1(a). [6] Importantly, AAA Commercial Rule 7(a) states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim," further underscoring that the arbitrator (rather than the Court) must consider challenges to the validity or enforceability of an arbitration provision. (AAA Commercial Rules, at p. 13, R-7(a).) The Eleventh Circuit has held that when a party incorporates the AAA Rules into its agreement to arbitrate, "the parties clearly and unmistakably agreed that the arbitrator should

---

[6]    The AAA Commercial Rules are attached hereto as Exhibit B.

18

decide whether the arbitration clause is valid." *Terminix Int'l Co. LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005); *see also Larsen v. In re Checking Account Overdraft Litig. (Citibank FSB)*, 856 F. App'x 238, 244 (11th Cir. 2021) (concluding that the parties intended to arbitrate the issue of arbitrability where the agreement at issue incorporated the commercial AAA rules); *Spirit Airlines, Inc. v. Maizes*, 899 F.3d 1230, 1233 (11th Cir. 2018) ("The parties' agreement plainly chose AAA rules . . . [T]his is clear and unmistakable evidence that the parties chose to have an arbitrator decide whether their agreement provided for class arbitration."); *U.S. Nutraceuticals, LLC v. Cyanotech Corp.*, 769 F.3d 1308, 1311 (11th Cir. 2014) ("When the parties incorporated into the 2007 contract the [AAA Rules], they clearly and unmistakably contracted to submit questions of arbitrability to the arbitrator."). Accordingly, the scope of the issues for the arbitrator to consider in the instant action includes Plaintiff's unconscionability challenges to the arbitration provision. *See e.g.*, *Macklin v. Biscayne Holding Corp.*, No. 19-561WES, 2020 U.S. Dist. LEXIS 203890, at *16 (D.R.I. Nov. 2, 2020) (compelling arbitration where the agreements at issue invoked the AAA Commercial Rules and, therefore, delegated the issue of unconscionability of the arbitration agreement to the arbitrator); *Yakovee v. Miami Heat L.P.*, No. 20-20540-CIV-MORENO, 2020 U.S. Dist. LEXIS 144979, at *9 (S.D. Fla. April 20,

19

2020) (concluding that an arbitration provision's agreement to administer the proceedings pursuant to the AAA Rules was sufficient to delegate issues regarding the agreement's validity to the arbitrator); *Donado v. MRC Express, Inc.*, No. 17-24032-Civ-Scola, 2018 U.S. Dist. LEXIS 1513, at *6 (S.D. Fla. Jan. 4, 2018) (explaining that "where an arbitration provision incorporates by reference the Commercial Arbitration Rules, federal courts decline to rule on challenges to the validity of the agreement.").

Plaintiff's argument that the Confidentiality and Arbitration Agreement improperly attempts to incorporate the AAA Commercial Rules, which require the parties to evenly split the costs of arbitration, rather than the AAA Employment Rules is both factually incorrect and legally unavailing.  First, the Confidentiality and Arbitration Agreement expressly states that "[a]ll costs of the arbitration shall be allocated by the arbitrator" and does *not* state that the arbitrator must split costs evenly between the parties.  (Confidentiality and Arbitration Agreement, ¶ 5.) Second, the AAA Commercial Rules do not indicate that the parties must split the costs of arbitration.  (*See* AAA Commercial Rules.)  Third, the AAA Commercial Rules provide for the application of the Employment Fee Schedule to employment-related disputes:

> Beginning October 1, 2017, AAA will apply the Employment Fee Schedule to any dispute between an individual employee or an independent contractor (working or performing as an individual and not incorporated) and a business or organization and the dispute involves work or work-related claims, including any statutory claims and including work-related claims under independent contractor agreements. A dispute arising out of an employment plan will be administered under the AAA's Employment Arbitration Rules and Mediation Procedures.

(AAA Commercial Rules, p. 10 at n*.)  Because the AAA Commercial Rules provide for the application of the AAA Employment Fee Schedule in an employment dispute like the instant matter, Plaintiff's argument regarding the propriety of applying the AAA Commercial Rules is moot.  *See Mcadoo v. New Line Transp., LLC*, No. 8:16-cv-1917-T-27AEP, 2017 U.S. Dist. LEXIS 34086, at *7-*9 (M.D. Fla. Mar. 9, 2017) (compelling arbitration in FLSA case where the arbitration provision at issue invoked the AAA Commercial Rules).

4.  The Court Should Dismiss This Action or it Must Stay These Proceedings Pending Arbitration of Plaintiff's Claims.

As demonstrated above, Plaintiff's claims are subject to the valid and enforceable arbitration provision that he agreed to upon executing his Confidentiality and Arbitration Agreement with Alston & Bird.  Therefore, the Court must direct Plaintiff to bring these claims in arbitration.  9 U.S.C. § 4.  The FAA further requires that a trial court stay the judicial case after compelling

21

arbitration until the arbitration proceedings have concluded.   *See* 9 U.S.C. § 3 (stating courts "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").   Courts in this circuit have also found that "where all of the issues raised in the action must be submitted to arbitration, the court may dismiss the action."   *Dale v. Comcast Corp.*, 453 F. Supp. 2d 1367, 1378 (N.D. Ga. 2006), *rev'd on other grounds*, 498 F. 3d 1216 (11th Cir. 2007); *see e.g.*, *Caley v. Gulfstream Aerospace Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004) (granting defendants' motions to compel arbitration and to dismiss), *aff'd*, 428 F.3d 1359 (11th. Cir. 2005).

As demonstrated above, all of the claims and allegations set forth in Plaintiff's Complaint relate to his employment at Alston & Bird.   Therefore, all of his claims are subject to the arbitration provision as disputes "arising out of or relating to [Plaintiff's] employment by Alston & Bird."   (*See* Confidentiality and Arbitration Agreement at ¶ 5.)   Because the entire controversy between Plaintiff and Alston & Bird can and must be resolved through arbitration, Alston & Bird respectfully submits that it would be an appropriate exercise of the Court's discretion to dismiss Plaintiff's Complaint entirely at this stage.   Should the Court decline to dismiss Plaintiff's Complaint, however, the Court is nonetheless still required to stay these proceedings pursuant to the FAA.   9 U.S.C. § 3.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff's claims all fall within the ambit of the valid and enforceable arbitration provision set forth in his Confidentiality and Arbitration Agreement with Alston & Bird.  Accordingly, the FAA mandates that the Court grant Alston & Bird's Motion and compel Plaintiff to arbitrate his claims.  Further, although the FAA requires that the Court at least stay these proceedings pending the outcome of that arbitration, Alston & Bird respectfully submits that the Court should exercise its discretion to dismiss the Complaint entirely after compelling Plaintiff to submit to arbitration.

ADMIN/22672372v4

Respectfully submitted this 9th day of May, 2022.

*s/ Alexandra G. Barnett*
Glenn G. Patton
Georgia Bar No. 567235
glenn.patton@alston.com
Alexandra G. Barnett
Georgia Bar No. 498906
alex.barnett@alston.com

ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

ATTORNEYS FOR DEFENDANT
ALSTON & BIRD LLP

24

Pursuant to Local Rule 7.1(D), Alston & Bird certifies that this Memorandum of Law complies with the font and point selections permitted by Local Rule 5.1(C).

*s/ Alexandra G. Barnett*
Alexandra G. Barnett

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICARDO CORPORAN,

                Plaintiff,

    v.

ALSTON & BIRD LLP,

                Defendant.

Case No. 1:22-cv-00831-VMC

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022, the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY PROCEEDINGS PENDING ARBITRATION was electronically filed using the CM/ECF system, which sends notice of such filing to the following attorneys of record:

J. Stephen Mixon
The Mixon Law Firm
1691 Phoenix Boulevard, Suite 150
Atlanta, Georgia 30349

Bonnie Shira Levine
Verse Legal
135 Auburn Ave, Suite 204
Atlanta, Georgia 30303

*s/ Alexandra G. Barnett*
Alexandra G. Barnett

ADMIN/22672372v4