# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO CORPORAN,<br><br>        Plaintiff,<br><br>   v.<br><br>ALSTON & BIRD LLP,<br><br>        Defendant. | Case No. 1:22-cv-00831-VMC |

<u>DECLARATION OF CATHY BENTON</u>

I, Cathy Benton, pursuant to 28 U.S.C. § 1746, hereby affirm that I am over 18 years of age and am competent to make the following Declaration:

1.

My name is Cathy Benton and I am of legal age and under no disability. I have personal knowledge of the facts stated in this Declaration.

2.

Alston & Bird LLP ("Alston & Bird") is an international law firm that employs more than 865 attorneys who provide legal services to clients across the United States and around the world. Alston & Bird also employs more than 700 non-attorney staff personnel who are engaged in a variety of legal support functions

1

and the management and administration of the law firm.  Alston & Bird maintains

offices in 13 cities in the United States, Belgium, China, and England.

3.

I have worked at Alston & Bird for 37 years.  Since 2004, I have held the

position of Chief Human Resources Officer ("CHRO") with overall responsibility

for all of the human resources functions at the firm, including the procedures for

onboarding new Alston & Bird employees and the signing of new-hire forms and

agreements.

4.

When newly hired staff personnel begin their employment at Alston & Bird,

they participate in an onboarding process that includes the review and execution of

a Confidentiality and Arbitration Agreement.  Alston & Bird requires that all staff

and attorneys sign the Confidentiality and Arbitration Agreement as a condition of

employment.  As part of the firm's efforts to make sure that new hires are aware of

their obligation to arbitrate any disputes with Alston & Bird under the

Confidentiality and Arbitration Agreement, we require all new hires to initial the

arbitration provision in addition to signing the agreement.

5.

Ricardo Corporán is a former Alston & Bird employee who began his employment at Alston & Bird on June 17, 2013.  Mr. Corporán executed and entered into his Confidentiality and Arbitration Agreement on June 15, 2013, and his initials appear next to the arbitration provision in Paragraph 5.  I also signed Mr. Corporán's Confidentiality and Arbitration Agreement on behalf of Alston & Bird and my initials also appear under the arbitration provision in Paragraph 5.  A true and correct copy of Mr. Corporán's fully executed Confidentiality and Arbitration Agreement as maintained in the ordinary course of our legal operations is attached hereto as **Exhibit 1**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of May, 2022.

_____

CATHY BENTON

3

# Exhibit 1



## CONFIDENTIALITY AND ARBITRATION AGREEMENT
STAFF

THIS CONFIDENTIALITY AND ARBITRATION AGREEMENT ("Agreement") is made on the date set forth below by and between Alston & Bird LLP ("Alston & Bird") and the Employee named below in consideration for the salary or wages to be paid to the Employee by Alston & Bird in connection with his or her employment.

1.    Employee understands that Alston & Bird is engaged in the business of providing legal services to its clients throughout the United States and in many foreign countries.  The Employee understands that as an employee of Alston & Bird, he/she has access to highly sensitive and confidential documents and information, including information that is protected by the attorney-client privilege, the attorney work product doctrine, and applicable laws governing the protection of trade secrets of both Alston & Bird and its clients.  Employee agrees that he/she will hold in a fiduciary capacity and will not, during the Restricted Period, as defined in paragraph 4, use or disclose to any individual or entity any Confidential Information, Attorney-Client Privileged Information, Attorney Work Product, or Trade Secret that Employee has acquired or may in the future acquire during employment by Alston & Bird except (i) in the performance of Employee's duties, (ii) as authorized in writing by Alston & Bird, (iii) at the request of an Alston & Bird client or former client with respect to Attorney-Client Privileged Information, Attorney Work Product, or Trade Secrets relating to that client or former client, (iv) pursuant to compulsory process or order of a court or government authority after prompt written notice to Alston & Bird, or (v) in submissions to a government authority as required by law or in pursuit of any claim or relief, provided that all reasonable efforts to preserve the confidentiality of such submission shall be made.  Any Attorney-Client Privileged Information, Attorney Work Product, or Trade Secret shall not lose the protection of this section at the end of the Restricted Period, but shall continue to be protected as long as it continues to be Attorney-Client Privileged Information, Attorney Work Product, or a Trade Secret.

2.    This Agreement does not supersede prior agreements or policies regarding confidentiality of information obtained from clients or parties to litigation, including, but not limited to, Alston & Bird's "Internal Policies and Procedures Regarding Confidential Client Information and Insider Trading."

3.    The following definitions shall apply to this Agreement: (a) "Confidential Information" means any non-public proprietary, sensitive, or confidential information, or documents containing such information, which relates to Alston & Bird, its employees or attorneys, or its clients, and which was received, created or copied in the course of the performance of Employee's duties from any source, including, but not limited to, financial information, personnel information, marketing plans, computer technology, or related internal information, whether or not it rises to the level of information that is protected by law or privilege; (b) "Attorney-Client Privileged Information, Attorney Work-Product, or Trade Secrets" includes all information protected by the laws or rules of the United States, the State of Georgia, the State Bar of Georgia and the federal and state courts in which Alston & Bird practices which govern attorney-client communications, attorney work product, and trade secrets; (c) "Documents" means originals or copies of files, memoranda, correspondence, notes, photographs, slides, overheads, audio or video tapes, cassettes, or disks, and records maintained on computer or other electronic media; and

(d) "Restricted Period" means the term of the Employee's employment by Alston & Bird and the period of two years following termination of employment for any reason.

4.   The parties agree that the breach of any provision of this Agreement, including, but not limited to, the unauthorized use or disclosure of any Confidential Information, Attorney-Client Privileged Information, Attorney Work Product, or Trade Secrets, will cause irreparable and continuing injury to Alston & Bird and its clients and that there is no adequate remedy at law for such injury.

5.   Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, or arising out of or relating to Employee's employment by Alston & Bird, shall be settled by arbitration pursuant to the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association.  One arbitrator shall be selected under those Rules. Arbitration shall be initiated in Atlanta, Georgia.  All costs of the arbitration shall be allocated by the arbitrator.  Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  The parties agree that the existence, conduct, and content of any such arbitration proceeding shall be treated as Confidential Information.

**Initials** _RC_
_CB_

6.   With respect to disputes arising under this Agreement that are submitted to a court rather than an arbitrator, including actions to compel arbitration or for equitable relief in aid of arbitration (which actions the parties are hereby authorized to bring), the parties agree that venue and jurisdiction are proper in any state or federal court lying within Fulton County, Georgia, and they specifically consent to the jurisdiction and venue of such Court for the purpose of any proceedings contemplated by this paragraph.  If any part of this Agreement is held void, voidable, or otherwise unenforceable by any court or arbitrator, nothing contained herein shall limit the enforceability of any other part.

7.   The parties intend that all persons who, at the time of any dispute arising out of or relating to this Agreement, are current or former clients, partners, or employees of Alston & Bird are third-party beneficiaries of this Agreement who shall have the right to enforce all provisions of this Agreement.

8.   This Agreement contains the entire agreement between the parties concerning the matters covered by this Agreement.  No representations, promises, or agreements, oral or otherwise, concerning the subject matter of this Agreement other than those embodied in this Agreement shall be valid or binding.

Agreed to this 15th day of June , 2013 .

Alston & Bird LLP

_Ricardo Corporán_
Signature of Employee

_Cathy A. Benton_
Cathy A. Benton
Chief Human Resources Officer

_Ricardo I. Corporán_
Printed Name of Employee